IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROYLAND RICE, | ) | No. C 11-06295 EJD (PR) |
| Plaintiff, | ) ) | ORDER OF SERVICE; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; INSTRUCTIONS TO CLERK |
| v. | ) ) ) | |
| RYAN WAGNER, et al., | ) ) | |
| Defendants. | ) ) ) | |

Plaintiff, a state prisoner, has filed a civil rights action under 42 U.S.C. § 1983, against the El Cerrito Police Department, several of its employees, the City of El Cerrito, Contra Costa County, and an assistant district attorney for unconstitutional acts. Plaintiff's motion for leave to proceed in forma pauperis will be granted in a separate written order.

**DISCUSSION**

**A.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must

Order of Service
G:\PRO-SE\EJD\CR.11\06295Rice_svc.wpd

1  identify any cognizable claims and dismiss any claims that are frivolous, malicious,
2  fail to state a claim upon which relief may be granted or seek monetary relief from a
3  defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se
4  pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police
5  Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

6  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential
7  elements: (1) that a right secured by the Constitution or laws of the United States
8  was violated, and (2) that the alleged violation was committed by a person acting
9  under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

### B. Plaintiff's Claims

Plaintiff claims that subsequent to his arrest on February 18, 2011, by Defendant Officer Terry F. Schillinger of the El Cerrito Police Department, his van was impounded without notification. (Compl. at 3.) Plaintiff claims that Defendant Schillinger had no warrant or cause for having his van towed and impounded. (Compl. Attach. at 1.) Plaintiff was then prosecuted in Martinez Superior Court for the County of Contra Costa where he was informed by the court that his property was being held as evidence and would be returned at the conclusion of the trial. However, he learned that his van was sold prior to the conclusion of the trial. Plaintiff claims that this deprivation of his property violated his Fourteenth Amendment right.

Ordinarily, due process of law requires notice and an opportunity for some kind of hearing prior to the deprivation of a significant property interest. See Memphis Light, Gas & Water Div. v. Craft, 436 U.S. 1, 19 (1978). Allegations that a plaintiff has been deprived of property negligently or intentionally without a pre-deprivation hearing do not state a due process claim under § 1983 if the deprivation was random and unauthorized, however. See Parratt v. Taylor, 451 U.S. 527, 535-44 (1981) (state employee negligently lost prisoner's hobby kit), overruled in part on other grounds, Daniels v. Williams, 474 U.S. 327, 330-31 (1986); Hudson v. Palmer,

Order of Service
G:\PRO-SE\EJD\CR.11\06295Rice_svc.wpd            2

468 U.S. 517, 533 (1984) (intentional destruction of inmate's property). Plaintiff's complaint alleges a purposeful confiscation of his van without any pre-deprivation or post-deprivation procedural protections. The allegation that Plaintiff's property was deliberately disposed of, liberally construed, suggests that this was not a random and unauthorized deprivation of property by Officer Schillinger. Plaintiff claims that Chief of Police Sylvia M. Moir is liable as Officer Schillinger's commanding officer, and that these officers were acting pursuant to the authority of assistant district attorney Ryan Wagner. Liberally construed, Plaintiff's claim is cognizable under § 1983.

Plaintiff names the City of El Cerrito and Contra Costa County as defendants. First of all, although local governments are "persons" subject to liability under 42 U.S.C. § 1983 where official policy or custom causes a constitutional tort, see Monell v. Dep't of Social Servs., 436 U.S. 658, 690 (1978),[1] a city or county may not be held vicariously liable for the unconstitutional acts of its employees under the theory of respondeat superior, see Board of Cty. Comm'rs. of Bryan Cty. v. Brown, 520 U.S. 397, 403 (1997); Monell, 436 U.S. at 691; Fuller v. City of Oakland, 47 F.3d 1522, 1534 (9th Cir. 1995). To impose municipal liability under § 1983 for a violation of constitutional rights, a plaintiff must show: (1) that the plaintiff possessed a constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving force behind the constitutional violation. See Plumeau v. School Dist. #40 County of Yamhill, 130 F.3d 432, 438 (9th Cir. 1997). There is no allegation that there was a policy which was the moving force behind the constitutional violation. Accordingly, these municipalities are DISMISSED as defendants from this action.

---

[1] Local governing bodies therefore may be sued directly under § 1983 for monetary, declaratory or injunctive relief for the violation of federal rights. See Monell, 436 U.S. at 690. They are absolutely immune from liability for punitive damages under § 1983, however. See City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271 (1981).

Order of Service
G:\PRO-SE\EJD\CR.11\06295Rice_svc.wpd      3

**CONCLUSION**

For the reasons stated above, the Court orders as follows:

1. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint, all attachments thereto, and a copy of this order upon **Defendants Police Chief Sylvia M. Moir, Officer Terry F. Schillinger, and the El Cerrito Police Department** at 10890 San Pablo Ave., El Cerrito, CA 94530, and **Defendant Ryan Wagner** at the Contra Costa County District Attorney's Office (900 Ward St., Martinez, CA 94553). The Clerk shall also mail a copy of this Order to Plaintiff.

The Clerk shall terminate the City of El Cerrito and Contra Costa County as defendants from this action.

2. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and the second amended complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before **fifty-six (56) days** from the day on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due **fifty-six (56) days** from the date on which the request for waiver was sent or **twenty-one**

**(21) days** from the date the waiver form is filed, whichever is later.

3. No later than **fifty-six (56) days** from the date of this order, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the second amended complaint found to be cognizable above.

    a. If Defendants elect to file a motion to dismiss on the grounds Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), Defendants <u>shall</u> do so in an unenumerated Rule 12(b) motion pursuant to <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1119-20 (9th Cir. 2003), <u>cert. denied Alameida v. Terhune</u>, 540 U.S. 810 (2003). **The Ninth Circuit has held that Plaintiff must be provided with the appropriate warning and notice under <u>Wyatt</u> concurrently with Defendants' motion to dismiss. See <u>Woods v. Carey</u>, Nos. 09-15548 & 09-16113, slip op. 7871, 7874 (9th Cir. July 6, 2012).**

    b. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

4. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed.

    a. **In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate warnings under <u>Rand v. Rowland</u>, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). See <u>Woods</u>, Nos. 09-15548 & 09-16113, slip op. at 7874.**

Order of Service
G:\PRO-SE\EJD\CR.11\06295Rice_svc.wpd         5

Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial. <u>See</u> <u>Ghazali v. Moran</u>, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); <u>Brydges v. Lewis</u>, 18 F.3d 651, 653 (9th Cir. 1994).

5. Defendants <u>shall</u> file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

6. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

7. All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

8. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

9. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

10. Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

DATED: 7/3/2013

EDWARD J. DAVILA
United States District Judge

Order of Service
G:\PRO-SE\EJD\CR.11\06295Rice_svc.wpd

6

Case5:11-cv-06295-EJD   Document13   Filed07/03/13   Page7 of 7

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

ROYLAND RICE,

        Plaintiff,

  v.

RYAN WAGNER, et al.,

        Defendants.

Case Number: CV11-06295 EJD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on  7/3/2013 , I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Royland Rice UEQ - 820
The Glenn E. Dyer Detention Facility
550 - 6th Street
Oakland, CA 94607

Dated:  7/3/2013

Richard W. Wieking, Clerk
/s/ By: Elizabeth Garcia, Deputy Clerk