FILED

JUL 30 2013

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ROYLAND RICE,

    Plaintiff,

v.

RYAN WAGNER, et al.,

    Defendants.

No. C 11-06295 EJD (PR)

ORDER DIRECTING PLAINTIFF TO PROVIDE COURT WITH MORE INFORMATION FOR UNSERVED DEFENDANT

    Plaintiff, a state prisoner, filed a pro se civil rights action pursuant to 42 U.S.C. § 1983. The Court ordered service of Plaintiff's complaint upon the named defendants. (See Docket No. 13.) On July 17, 2013, the Request for Waiver sent to Defendant Terry F. Schillinger at the El Cerrito Police Department was returned unexecuted with the following remark: "Ofc. No longer at this department." (Docket No. 18.) Accordingly, Defendant Terry F. Schillinger has not been served.

    Although a plaintiff who is incarcerated and proceeding in forma pauperis may rely on service by the Marshal, such plaintiff "may not remain silent and do nothing to effectuate such service"; rather, "[a]t a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent defects of which [he] has

knowledge." Rochon v. Dawson, 828 F.2d 1107, 1110 (5th Cir. 1987). Here, Plaintiff's complaint has been pending for over 120 days, and thus, absent a showing of "good cause," is subject to dismissal without prejudice. See Fed. R. Civ. P. 4(m).

Plaintiff has not provided sufficient information to allow the Marshal to locate and serve Defendant Terry F. Schillinger, and consequently Plaintiff must remedy the situation or face dismissal of his claims against this defendant without prejudice. See Walker v. Sumner, 14 F.3d 1415, 1421-22 (9th Cir. 1994)(holding prisoner failed to show cause why prison official should not be dismissed under Rule 4(m) where prisoner failed to show he had provided Marshal with sufficient information to effectuate service). Accordingly, Plaintiff must provide the Court with this Defendant's accurate current location such that the Marshal is able to effect service.

## CONCLUSION

For the reasons stated above, the Court orders as follows:

1. Plaintiff must file notice and provide the Court with the accurate current location of Defendant Terry F. Schillinger such that the Marshal is able to effect service. **If Plaintiff fails to provide the Court with an accurate current location for Defendant Terry F. Schillinger within thirty (30) days of the date this order is filed, Plaintiff's claims against Defendant Terry F. Schillinger will be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.**

DATED: 7/29/13

EDWARD J. DAVILA
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

ROYLAND RICE,

       Plaintiff,

v.

RYAN WAGNER, et al.,

       Defendants.

Case Number CV 11-06295 EJD (PR)

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 7/30/13, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s)hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) inter-office delivery receptacle located in the Clerk's office.

**Royland Rice**
UEQ - 820
The Glenn E. Dyer Detention Facility
550 - 6th Street
Oakland, CA 94607

DATED: 7/30/13

Richard W. Wieking, Clerk
By: Elizabeth Garcia, Deputy Clerk